UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-1764

CENTERLINE CONSTRUCTION COMPANY,

Petitioner,

versus

NATIONAL LABOR RELATIONS BOARD,

Respondent,

MID-ATLANTIC REGIONAL COUNCIL OF CARPENTERS,
UNITED BROTHERHOOD OF CARPENTERS AND JOINERS
OF AMERICA,

Intervenor.

No. 06-1883

NATIONAL LABOR RELATIONS BOARD,

Petitioner,

versus

CENTERLINE CONSTRUCTION COMPANY,

Respondent.

On Petition for Review and Cross-application for Enforcement of an
Order of the National Labor Relations Board.  (5-CA-32001)

Submitted:  July 30, 2007                    Decided:  August 21, 2007

-----

Before TRAXLER, Circuit Judge, HAMILTON, Senior Circuit Judge, and Robert J. CONRAD, Jr., Chief United States District Judge for the Western District of North Carolina, sitting by designation.

-----

Petition for review denied; order enforced by unpublished per curiam opinion.

-----

Frank L. Kollman, Kelly C. Hoelzer, KOLLMAN & SAUCIER, P.A., Towson, Maryland, for Centerline Construction Company.  Ronald Meisburg, General Counsel, John E. Higgins, Jr., Deputy General Counsel, John H. Ferguson, Associate General Counsel, Aileen A. Armstrong, Deputy Associate General Counsel, Meredith L. Jason, Supervisory Attorney, William M. Bernstein, Senior Attorney, NATIONAL LABOR RELATIONS BOARD, Washington, D.C., for the National Labor Relations Board.  Brian F. Quinn, DECARLO, CONNOR & SHANLEY, P.C., Washington, D.C., for Mid-Atlantic Regional Council of Carpenters, United Brotherhood of Carpenters and Joiners of America.

-----

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Centerline Construction Company ("Centerline") challenges an order issued by the National Labor Relations Board ("the Board"). We deny Centerline's petition for review and grant the Board's cross-application for enforcement.

This case arises from an unfair labor practice charge filed on June 25, 2004, against Centerline by the Mid-Atlantic Regional Council of Carpenters, United Brotherhood of Carpenters and Joiners of America, AFL-CIO. The charge alleged that Centerline violated section 8(a)(1) of the National Labor Relations Act ("the Act"), see 29 U.S.C. § 158(a)(1), by, inter alia, interrogating job applicant Roy Friend and employee Johnny Terrones concerning their union affiliation, and by threatening to never rehire former employees who had accepted work with union contractors. It further alleged that the company violated section 8(a)(3) and (1) of the Act, see id. § 158(a)(3), (1) by laying off Terrones because of his union affiliation and activity and by refusing to hire Friend and Hally Ashby because of their union affiliation.

After a hearing, an administrative law judge issued a decision and recommended order finding, as is relevant here, that Centerline had violated the Act as alleged with respect to the above charges. The Board subsequently affirmed the judge's rulings, findings, and conclusions and adopted his remedial order, modifying it only to conform to his findings of unfair labor practices.

3

Our review of the record discloses that the Board's decision is based upon substantial evidence and is without reversible error. See Pirelli Cable Corp. v. NLRB, 141 F.3d 503, 514 (4th Cir. 1998). Accordingly, we deny the petition on the reasoning of the Board. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

PETITION FOR REVIEW DENIED; ORDER ENFORCED